**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 1:19-CR-00052 |
| v. | (JUDGE CAPUTO) |
| VICTOR SAWYERS, | |
| Defendant. | |

## **MEMORANDUM**

Presently before me is the Government's Motion for Reconsideration. (Doc. 61). The Government requests that I reconsider my August 14, 2019 Memorandum and Order (Docs. 59, 60) which granted Defendant Victor Sawyers' ("Sawyers") request that the identity of the confidential informant used to incriminate him be disclosed. In the alternative, the Government requests a thirty (30) day stay of my Order to disclose the informant's identity. (*See* Doc. 60). Because the Government's new arguments and previously unsubmitted evidence concerning the investigation and arrest of Sawyers are not appropriate for a motion for reconsideration, the Motion will be denied. The Government will be given thirty (30) days to locate and notify the informant before disclosing his or her identity.

## **I. Background**

Sawyers was indicted on January 30, 2019 for: Possession with Intent to Distribute Heroin, Cocaine base, and Fentanyl in violation of 21 U.S.C. § 841(a)(1); Conspiracy to commit the same in violation of 21 U.S.C. § 846; Maintaining a Drug Premises in violation of 21 U.S.C. § 856(a)(1); Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c); and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). (*See* Doc. 1). These charges relate to a search of a residence, 10H Hall Manor, Harrisburg, Pennsylvania, conducted by Detective Nicholas Ishman ("Detective Ishman") of the Harrisburg Bureau of Police on May 18, 2018. (*See* Doc. 39-1 Ex. A; Doc.

62).  Detective Ishman secured a warrant for this location after filing an Affidavit of Probable Cause alleging that Sawyers sold drugs from the residence.  (*See id*.).  The Affidavit and Initial Crime Report more specifically describe how Detective Ishman allegedly purchased drugs at the residence from Sawyers through a confidential informant on May 14, 2018 sometime after 11:30 AM.  (*Id*.; Doc. 39-2 Ex. B).  This purchase was facilitated by a phone call to Sawyers from the confidential informant at 11:30 AM.  (*Id*.; Doc. 39-2 Ex. B).

On May 18, officers executed the search warrant and seized a firearm, two magazines, a sandwich bag with suspected cocaine, a corner tie of suspected cocaine, sandwich bags with suspected heroin, two boxes of sandwich bags, a box of latex gloves, "letters w/ Victor Sawyers[,]" a bag with a spoon and plastic cup, a bottle of caffeine, a safe with ammunition and holsters, a box of glassine bags, three blenders, and one phone with the assigned phone number 717-303-4945, the number used during the phone call with the confidential informant.  (*See* Docs. 39-2 Ex. B, 39-6 Ex. F).  Sawyers and co-defendant Antiqua Cox were subsequently arrested and charged with various drug and firearms offenses.  (*See* Doc. 1).

Sawyers filed a Motion for a *Franks* Hearing and to Suppress All Physical Evidence and Statements Pursuant to Fed. R. Crim. P. 12(b)(3) and the Fourth Amendment on May 6, 2019.  (*See* Doc. 39).  In the alternative, the Motion argued that the identity of the confidential informant should be disclosed to Sawyer to prepare for his defense at trial.  (*Id*.).  Specifically, the Motion argued, *inter alia*, that Detective Ishman lacked probable cause and the Affidavit omitted key facts and contained various misrepresentations including whether or not Detective Ishman actually listened to the phone call with the confidential informant and whether or not it was Sawyers who actually sold drugs at the residence.  (*Id*.).  Moreover, Sawyers produced evidence that he may have been at another location, a parole-required reentry class which allows no cell phones, at around the same time the call and the subsequent controlled purchase took place.  (Docs. 39-3 Ex. C; 39-4 Ex. D; 39-5 Ex. E).  The Government raised various Fourth Amendment and procedural arguments in opposition to this Motion.  (*See* Doc. 49).  In response to Sawyers' request for

disclosure of the identity of the confidential informant, the Government responded that the request was "clearly nothing more than a fishing expedition," and was "without merit." (*Id*. at 14).

By Memorandum and Order on August 14, 2019, I denied Sawyers' Motion for a *Franks* Hearing and to Suppress (Doc. 39) for lack of standing, but granted his request for disclosure of the identity of the confidential informant because, given the evidence presented, the need to be able to establish his innocence outweighed the Government's interest in preventing a "fishing expedition" and in keeping the informant's identity a secret. (*See* Docs. 59, 60); *see also United States v. Paschual-Pichardo*, 2014 WL 211406, at*4-5 (D.V.I. 2014) (granting motion to disclose the name of a confidential informant where the defendant presented evidence supporting his contention that he may be able to assert an entrapment defense and that the informant may provide further information in support of that defense).

Believing this ruling was in error, the Government filed the instant Motion for Reconsideration and Brief in Support thereof on August 28, 2019, and requests that "the Court hold an evidentiary hearing to hear additional evidence not previously available and to correct issues of fact," such that I may be better able to weigh the Government's interests in non-disclosure against Sawyers' interest in disclosure. (Doc. 62 at 2-4). The Government further requests that, should I deny its Motion, I stay my Disclosure Order thirty (30) days "to allow the Government time to locate and notify the informant of the Court's ruling." (*Id*. at 2). Sawyers has responded by claiming that the Government failed to meet the standards for a motion for reconsideration, waived its current arguments, and is not in compliance with the Local Rules. (*See* Doc. 64). No further reply was filed by the Government, and the time for such a reply has passed. *See* M.D. Pa. L.R. 7.7 (stating that a reply brief "*may be filed*" within fourteen (14) days after service of the brief in opposition) (emphasis added). This motion is therefore fully ripe and ready for review.

## II. Legal Standard

The purpose of a motion for reconsideration is to correct manifest errors of law or

3

fact or to present newly discovered evidence. *Harsco Corp. v. Ziotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the party shows: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or [3] the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café, by Lou - Ann, Inc., v. Quintero*, 176 F.3d 669, 677 (3d Cir. 1999) ("Max's Seafood"). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present new evidence that could have been raised prior to entry of judgment." *U.S. v. Shabazz*, 2012 WL 5334481, at *1 (M.D. Pa. 2012) (internal citation and quotation omitted). "Lastly, reconsideration is an extraordinary remedy, and should be granted sparingly." *Id*. (citing *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999)).

### III. Discussion

The Government argues that I should reconsider my previous ruling and hold an evidentiary hearing on the issue of whether to disclose the identity of the confidential informant. (Doc. 62 at 3). The Government believes an evidentiary hearing is necessary because "the parties were only able to provide the court with the reports and the affidavit of probable cause surrounding the incidents," and not the testimony of Detective Ishman which would provide further clarity on the events surrounding the investigation into Sawyers and his arrest. (*Id.*). The Government further argues that Sawyers should be required to present more evidence that he was not available during the call with the confidential informant and during the subsequent controlled purchase. (*Id*. at 4-7). Sawyers contends that the Government's entire line of argument is improper for this Motion for Reconsideration as the Government has failed to identify any new evidence, any new law, or any legitimate need to reconsider my previous order. (*See* Doc. 64 at 2); *see also Max's Seafood*, 176 F.3d at 677 (listing the circumstances under which a motion for

reconsideration will be granted). Sawyers further contends that the Government has waived its current argument because it failed to assert it in its Opposition to his original suppression Motion and because the Government otherwise fails to comply with Local Rule 7.1 requiring a certificate of non-concurrence to be included with every motion. (*See id*. at 3); *see also* M.D. Pa. L.R. 7.1 (stating that all motions submitted to the court must be accompanied by "certification by counsel for the movant that he or she has sought concurrence in the motion").

To start, while movants must abide by the requirements of Local Rule 7.1, I find that the Government's failure to seek concurrence in this instance (*see* Doc. 61) did not prejudice Sawyers so as to warrant the denial of the Government's motion. *Indianapolis Life Ins. Co. v. Hents*, 2009 WL 36454, at *2 (M.D. Pa. 2009) (holding that failure to seek concurrence is excusable though disfavored). Further, I do not need to reach the merits of the Government's claims regarding the circumstances surrounding Sawyers investigation and arrest because the evidence it wishes to present and the arguments it makes are inappropriate at this stage.

First, the Government does not argue that there has been an intervening change in controlling law warranting reconsideration. *See Ogin v. Ahmed*, 2008 WL 4722390, at *3 (M.D. Pa. 2008) (recognizing an intervening change of law as sufficient grounds to bring a motion for reconsideration). Second, Detective Ishman's purported testimony concerning additional facts not yet presented does not constitute new evidence as it was readily available to the Government at the suppression stage and as early as the initial Affidavit of Probable Cause. *See id*. (holding that a supplemental affidavit by a previously available witness does not constitute new evidence); *Teri Woods Pub., L.L.C. v. Williams*, 2013 WL 6388560, at *4 (E.D. Pa. 2013) (same).

Further, while the Government claims that it did not have the opportunity to present this "new" evidence in its previous briefs, it nonetheless failed at previous stages to request an evidentiary hearing to settle disputed points of fact, and has consistently supplied supplemental evidence when convenient for its position. *See U.S. v. Korey*, 2009 WL

1940381, at *2 (W.D. Pa. 2009) ("[F]ailure to persuade the court of its argument does not give the government a second chance [on a motion for reconsideration] to now answer inquiries previously ignored."). As such, the Government's claims that testimony by Detective Ishman is new evidence is without merit as it was available at earlier stages of this litigation, but simply not presented.

The only remaining way the Government may proceed with its Motion is by showing that I must correct an error of law or fact to prevent manifest injustice. *See Max's Seafood*, 176 F.3d at 677. On this point, the Government contends that if Detective Ishman is allowed to testify, he can "testify regarding the facts and circumstances surrounding the call as well as the controlled purchase" so as to put me "in a better position to judge the necessity of disclosing [the identity of] the informant." (Doc. 62 at 8)

As stated, the moving party may not rely on any new arguments or previously unsubmitted evidence to support the contentions of error or manifest injustice. *See Ogin*, 2008 WL 4722390, at *4 (M.D. Pa. 2008) (holding that previously unsubmitted evidence "may not be relied upon to support a motion for reconsideration" and new arguments "are not grounds for granting reconsideration."). By Memorandum and Order on August 14, 2019, I judged the necessity of disclosing the identity of the informant by the facts and the arguments presented by the parties. (*See* Docs. 59, 60). In its brief in opposition to Sawyers' request for disclosure, the Government argued only that requesting disclosure of the identity of the confidential informant was nothing more than a "fishing expedition." (*See* Doc. 49 at 14). Therefore, because they were not raised previously, both the current argument that more evidence must be presented and the previously unsubmitted evidence itself cannot be considered on the instant Motion. *See U.S. v. Wieder*, 2007 WL 2743734, at *3 (M.D. Pa. 2007) (holding that failure to make certain arguments during previous challenge forecloses later use of those arguments on a motion for reconsideration). As such, there are no grounds to disturb my previous ruling that the identity of the confidential informant should be disclosed. *See id*. (citing *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 239 (W.D. Pa. 1998) ("[T]he government is asking the Court to 'rethink a decision it

has already made, rightly or wrongly,' which is not the purpose of a motion for reconsideration.")

This disclosure will be stayed thirty (30) days to allow the Government time to find and notify the informant. *See Sempier v. Johnson & Higgins*, 45 F,3d 724, 734 (3d Cir. 1995) (holding that "district courts have broad discretion to manage discovery."); *U.S. v. Sanchez*, 38 F.Supp.2d 355, 372 (D.N.J. 1999) (staying court sentencing order for thirty days to allow the Government time to adequately fulfill conditions of the order).

### IV. Conclusion

Therefore, because the Government presents no intervening case law or new evidence, and only presents new arguments and previously unsubmitted evidence, the Motion for Reconsideration is denied. An appropriate order follows.

| | |
|---|---|
| November 25, 2019<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |