IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:19-CR-52 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| VICTOR SAWYERS, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Defendant Victor Sawyers previously moved to suppress evidence obtained during a search of codefendant Antiqua Cox's apartment.  He also requested a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), to challenge the sufficiency of the search warrant.  In August 2019, the Honorable A. Richard Caputo denied Sawyers' motion, and Sawyers now moves for reconsideration of that order. We will deny his motion.

## I.      Factual Background[1]

On or about May 14, 2018, Detective Nicholas Ishman of the Harrisburg Bureau of Police coordinated a controlled purchase of crack cocaine using a confidential informant.  (<u>See</u> Doc. 280-8 at 2).  The informant had told Detective Ishman that a man known as "Menace" sold crack cocaine out of an apartment located at 10H Hall Manor in Harrisburg.  (<u>See</u> <u>id.</u>)  Detective Ishman identified "Menace" as Sawyers, though the affidavit is not clear as to how he made the

---

[1] The following factual narrative primarily derives from the search warrant application and affidavit of probable cause attached to the government's brief in opposition.  (<u>See</u> Doc. 280-8 at 1-2).

connection.  (See id.)  Nonetheless, the informant placed a call to 717-303-4945 and ordered crack cocaine.  (See id.)  The person who answered told the informant to meet them at 10H Hall Manor.  (See id.)  After searching the informant and their vehicle, investigators provided the informant with prerecorded funds and conducted physical surveillance of the drug transaction.  (See id.)  They observed the informant arrive at 10H Hall Manor, enter the residence, and exit approximately two minutes later.  (See id.)  The informant then traveled to a prearranged meeting spot under the watchful eye of law enforcement.  (See id.)  Once there, the informant provided agents with a baggie of suspected crack cocaine; they no longer possessed the prerecorded funds.  (See id.)

Approximately two days later, Detective Ishman applied for a search warrant for 10H Hall Manor based upon the foregoing factual allegations.  (See id. at 1-2).  Dauphin County Magisterial District Judge Deborah Curcillo issued the search warrant that same day, authorizing law enforcement to search for and seize, inter alia, crack cocaine, drug paraphernalia, drug proceeds, and the cell phone assigned to 717-303-4945.  (See id. at 1).  On May 18, 2018, detectives executed the search warrant and, of note, found crack cocaine and heroin, drug paraphernalia, firearms, ammunition, the target cell phone, and mail addressed to Sawyers.  (See id. at 3).  Investigators also discovered Cox near the residence and detained her; she voluntarily provided statements to police incriminating both herself and Sawyers.  (See Doc. 280-9 at 7; see also Doc. 280-9 at 10).  State parole agents eventually arrested Sawyers, who made similarly incriminating statements to police while in custody.  (See Doc. 280-9 at 7; see also Doc. 280-9 at 10).

On January 30, 2019, a grand jury indicted Sawyers on five counts: conspiracy to possess with the intent to distribute 100 grams and more of heroin, 28 grams and more of cocaine base, and additional quantities of fentanyl, in violation of 21 U.S.C. § 846 (Count 1); possession with the intent to distribute 100 grams and more of heroin, 28 grams and more of cocaine base, and additional quantities of fentanyl, in violation of 21 U.S.C. § 841 (Count 2); maintaining a drug premises, in violation of 21 U.S.C. § 856 (Count 3); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (Count 5); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 6).  (See Doc. 1). The indictment named Cox in Counts 1, 2, 3, and 5, and further charged her with unlawful sale or transfer of a firearm to a convicted felon, in violation of 18 U.S.C. § 922(d) (Count 4).  (See id.)

Both defendants initially pled not guilty to all counts.  (See Docs. 17, 24). Sawyers then filed a motion (1) to suppress the physical evidence obtained during the search of Cox's apartment, (2) for a Franks hearing, and, in the alternative, (3) for disclosure of the confidential informant's identity. (See Doc. 39 at 1-11; see also Docs. 40, 53).  The court denied Sawyers' first two requests on the ground that he lacked standing to challenge the search of Cox's apartment, but granted his third request, ordering the government to disclose the informant's identity before trial. (See Doc. 59 at 5-10; see also Doc. 60).  Cox thereafter reached an agreement with the government and pled guilty to Count 1 of the indictment.  (See Docs. 72, 98). Sawyers also engaged in plea negotiations with the government and agreed not to seek the informant's identity while negotiations were ongoing.  (See Doc. 93).

However, in November 2023, the parties advised the court that the case was ready for trial, and the court ordered the government to disclose the confidential informant's identity. (<u>See</u> Doc. 224). The government ultimately disclosed the informant's identity to Sawyers in March 2024, pursuant to a sealed protective order. (<u>See</u> Docs. 232, 239).

A few weeks later, a grand jury returned a superseding indictment against Sawyers only, charging him with four counts: conspiracy to possess with the intent to distribute 100 grams and more of heroin and unspecified amounts of cocaine and fentanyl, in violation of 21 U.S.C. § 846 (Count 1); possession with the intent to distribute 100 grams and more of heroin and unspecified amounts of cocaine and fentanyl, in violation of 21 U.S.C. § 841 (Count 2); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (Count 3); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 4). (<u>See</u> Doc. 243; <u>see also</u> Doc. 246). Sawyers pled not guilty to all counts and was released pending trial. (<u>See</u> Docs. 262, 267). With knowledge of the informant's identity, Sawyers filed the instant motion for reconsideration of Judge Caputo's order dated August 19, 2019, which denied his request for a <u>Franks</u> hearing and for suppression. (<u>See</u> Doc. 272; <u>see also</u> Doc. 273). The motion is fully briefed and ripe for disposition.

## II.   <u>Legal Standard</u>

A movant seeking reconsideration of an order must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>See</u> <u>Max's Seafood Cafe</u> *ex rel.* Lou-

Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).  Courts

have held that reconsideration is an extraordinary remedy that should be granted

sparingly.  See Coviello v. Berkeley Publ'g Grp., No. 1:15-CV-1812, 2017 WL

4167641, at *2 (M.D. Pa. Sept. 20, 2017) (citations omitted).  When such a motion is

based on new evidence, the moving party must demonstrate that the evidence

"would alter the disposition of the case."  See id. (quoting Interfaith Cmty. Org. Inc.

v. PPG Indus., Inc., 702 F. Supp. 2d 295, 317 (D.N.J. 2010)).

## III.   Discussion

Sawyers asserts that the court should reconsider Judge Caputo's prior

rulings because the confidential informant's identity and anticipated testimony

constitute newly discovered evidence that will exculpate him, and because the court

made an error of law regarding Sawyers' standing to challenge the search warrant.

(See Doc. 273 at 1-3).  He insists the informant's testimony at a Franks hearing will

reveal that some of Detective Ishman's averments in the affidavit of probable cause

are false or misleading.  (See Doc. 272 ¶¶ 11, 12; Doc. 273 at 2-3).  He also contends

that the testimony will show that the search warrant for Cox's apartment was

invalid.  (See Doc. 273 at 2-3).  The government concedes that Sawyers has standing

to challenge the search warrant as a resident of the apartment but rebuts any

suggestion that the affidavit of probable cause contained errors or that the warrant

was deficient.  (See Doc. 280 at 9-17). We address Sawyers' claims *seriatim*.

### A.   Franks Hearing

A criminal defendant may challenge the truthfulness of factual statements

contained in an affidavit of probable cause through what is commonly referred to as

5

a Franks hearing.  See generally Franks, 438 U.S. 154.  A defendant seeking a

Franks hearing must make "a substantial preliminary showing" that the affiant

knowingly or recklessly included a materially false statement in, or omitted material

information from, the affidavit of probable cause.  See United States v. Aviles, 938

F.3d 503, 508 (3d Cir. 2019) (citing Franks, 438 U.S. at 155-56).  However, if the

challenged information is immaterial—that is, unnecessary to the finding of

probable cause—no hearing is required.  See id. at 508-09.  When assessing the

materiality of alleged falsehoods or omissions, courts "must perform a word-by-

word reconstruction of the affidavit" to determine whether the reconstructed

affidavit still would suffice to establish probable cause.  See Dempsey v. Bucknell

Univ., 834 F.3d 457, 470 (3d Cir. 2016).

Sawyers primarily grounds his request for a Franks hearing in Detective

Ishman's reference to Sawyers as "Menace" in the affidavit of probable cause.  (See

Doc. 272 at 2-3).  He claims this attribution erroneously implies the informant spoke

with and bought drugs from him on the date in question—inferences that the

informant purportedly will refute at a hearing.  (See id. at 2; see also id. ("The

Affidavit of Probable Cause is unclear as to whether Detective Ishman actually

listened in on the phone call.")).  Sawyers further contends that he has an alibi.

(See id.)

We find that Sawyers has not met his substantial preliminary burden.  He

does not allege that Detective Ishman knowingly or recklessly included any false

statements in the affidavit of probable cause or omitted certain information.  See

United States v. Brown, 3 F.3d 673, 677-78 (3d Cir. 1993) (noting defendant must

show "intentional or reckless falsity *on the part of the affiant*"; honest or negligent

mistakes are insufficient) (emphasis in original).  Nor does he challenge the

allegations regarding the controlled purchase of crack cocaine from 10H Hall Manor

on or about May 14, 2018.  (See Doc. 2-3).  Instead, Sawyers merely asserts that the

informant will testify they did not speak with Sawyers on the phone or buy drugs

from him in the residence.  (See Doc. 273 at 2-3; see also id. at 2 ("Defendant has

presented evidence that he may have been in another location, his reentry class,

when some or all of these events occurred.") (citation omitted)).  Those are

insufficient grounds for a Franks hearing.  See United States v. Rodriguez-Colon,

827 F. App'x 188, 190 (3d Cir. 2020) (nonprecedential) (denying request for Franks

hearing where warrant relied on controlled purchases and defendant alleged

informant would testify they did not buy drugs from him in the residence).  To the

extent Sawyers seeks to contest the government's allegations with evidence of an

alibi, he may do so at trial.

Moreover, even if we generously read the reference to Sawyers as "Menace"

in the affidavit as an intentional or reckless falsehood designed to create an

improper inference that Detective Ishman knew Sawyers personally sold drugs to

the informant, it would not undermine the validity of the search warrant.  The

warrant application details the detective's efforts to arrange for the controlled

purchase of crack cocaine through a confidential informant.  (See Doc. 280-8 at 2).

Investigators observed the informant call a specific phone number, place an order

for crack cocaine, enter 10H Hall Manor with prerecorded funds, and leave the

residence minutes later.  (See id.)  The informant then drove directly to a meeting

7

spot and provided law enforcement with a baggie of crack cocaine; the prerecorded funds he had been given were gone, presumably used to complete the purchase. (See id.)  Based on these observations and his professional experience, Detective Ishman declared that there are likely "additional amounts of illegal drugs in the[] residence[]."  (See id.)  Sawyers' identity as "Menace," or as the individual who spoke with the informant by phone, or as the dealer onsite, is immaterial to the quantum of proof needed to secure the search warrant.  What matters is whether, based upon the uncontested portions of the affidavit, "there [was] a fair probability that contraband or evidence of a crime [would] be found in" 10H Hall Manor.  See United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).  That standard easily was met on this record.

Sawyers has failed to demonstrate that Detective Ishman's affidavit contains a materially false statement or omits material information.  Accordingly, we will deny his motion for reconsideration insofar as it seeks a Franks hearing.

**B.      Probable Cause for Search Warrant**

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures.  See U.S. CONST. amend. IV; Horton v. California, 496 U.S. 128, 133 (1990).  To search a home, the constitutional default is that a warrant is required.  See Payton v. New York, 445 U.S. 573, 586 & n.25 (1980) (citations omitted).  For a search warrant to issue, a neutral magistrate must find, under the totality of the circumstances, that "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Illinois v. Gates, 462 U.S. 213, 238 (1983).  Courts reviewing such determinations do not

make a *de novo* probable cause assessment; they "simply [] ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed." United States v. Miknevich, 638 F.3d 178, 182 (3d Cir. 2011) (second alteration in original) (quoting Gates, 462 U.S. at 238-39).

The Supreme Court of the United States views probable cause as an amorphous concept, "not readily, or even usefully, reduced to a neat set of legal rules." See Ornelas v. United States, 517 U.S. 690, 695-96 (1996) (quoting Gates, 462 U.S. at 232). Its existence must be determined from the view of the officer on the street, not the judge in the courtroom. See United States v. Sokolow, 490 U.S. 1, 7-8 (1989); see also United States v. Cortez, 499 U.S. 411, 418 (1981). Whether probable cause exists is an objective determination based upon the totality of the circumstances present at the time of the challenged governmental conduct. See United States v. Williams, 413 F.3d 347, 353 n.6 (3d Cir. 2005). Probable cause "is not a high bar." Kaley v. United States, 571 U.S. 320, 338 (2014).

Sawyers asserts that the informant's anticipated testimony at a Franks hearing will demonstrate the invalidity of the search warrant. (See Doc. 273 at 2-3). Sawyers is not entitled to a Franks hearing for the reasons discussed above. Nor would a hearing make a difference here. Detective Ishman's affidavit contains sufficient indicia that law enforcement would find evidence of a drug-trafficking crime at 10H Hall Manor given the undisputed details surrounding the May 2018 controlled purchase of crack cocaine. See *supra* Part III.A. We find that Judge Curcillo had a "substantial basis" upon which to issue a search warrant for 10H Hall

Manor, <u>see</u> <u>Miknevich</u>, 638 F.3d at 182, and we will deny Sawyers' request for reconsideration of the order denying his suppression motion.

## IV.     Conclusion

For all these reasons, we will deny Sawyers' motion for reconsideration of the court's order dated August 19, 2019.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 20, 2024